**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4377-15T2

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

EDDIE J. MARTE, a/k/a MARTE
EDUARDO,

    Defendant-Appellant.

_____

Submitted May 16, 2017 — Decided May 31, 2017

Before Judges Reisner and Sumners.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Indictment No. 14-12-1939.

Joseph E. Krakora, Public Defender, attorney for appellant (Jaime B. Herrera, Assistant Deputy Public Defender, of counsel and on the brief).

Gurbir S. Grewal, Bergen County Prosecutor, attorney for respondent (Catherine A. Foddai, Senior Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Eddie J. Marte pled guilty to third-degree receiving stolen property, N.J.S.A. 2C:20-7, conditioned on his right to appeal from the denial of his motion to dismiss the

indictment. He was sentenced to one year of probation, to be served concurrent to a five-year probationary sentence that he was serving for a New York robbery conviction.

Defendant now appeals from his New Jersey conviction, raising the following point of argument:

> THE TRIAL COURT ABUSED ITS DISCRETION IN FAILING TO DISMISS THE NEW JERSEY INDICTMENT AFTER MARTE HAD ALREADY BEEN CONVICTED OF A THEFT CRIME IN NEW YORK.

Defendant and two co-defendants assaulted a taxicab driver in New York, stole the cab, and then drove the vehicle into New Jersey. A New Jersey police officer spotted the car driving at a dangerously slow speed on the Palisades Interstate Parkway, creating a hazard for other motorists. When the officer attempted to stop the car, the driver refused to pull over and led the officer on a "low speed" chase down the highway, until two other officers finally forced the car to stop. In the trial court, as on this appeal, defendant argued that because he had already pled guilty to robbery in New York, based on the theft of the cab, prosecuting him for receiving stolen property in New Jersey would violate his rights against double jeopardy and should be barred under N.J.S.A. 2C:1-3(f).

In a thorough and cogent written opinion, issued with the February 22, 2016 order denying defendant's motion to dismiss the

indictment, Presiding Judge Susan J. Steele rejected those arguments. Among other things, she concluded that the crimes of robbery and receiving stolen property had different elements, and New Jersey had an interest in separately prosecuting defendant for bringing the stolen car into this State. Having reviewed the record in light of the applicable legal standards, we find that Judge Steele correctly addressed defendant's arguments, and we affirm for the reasons stated in her opinion. Defendant's appellate arguments are without sufficient merit to warrant further discussion. R. 2:11-3(e)(2).

We note that, after Judge Steele rendered her decision, our Supreme Court decided State v. Miles, ___ N.J. ___ (2017). In that case, the Court decided to abandon the "same-evidence" test, and instead adopt "the Blockburger same-elements test as the sole test for determining what constitutes the 'same offense' for purpose of double jeopardy." Id. at __ (slip op. at 2) (citing Blockburger v. United States, 284 U.S. 299, 52 S. Ct. 180, 76 L. Ed. 306 (1932)). By its terms, Miles only applies to "offenses committed after the issuance of this opinion." Miles, supra, __ N.J. at __ (slip op. at 23). However, even if applied here, the opinion would make no difference to the outcome of this case.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

3                                                    A-4377-15T2